IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAWN DRUMGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 17-188-GMS |
| | ) |
| WARDEN DAVID PIERCE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** The plaintiff DeShawn Drumgo ("Drumgo"), a former inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, recently transferred to SCI Fruckville in Fruckville, Pennsylvania, filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (*See* D.I. 12.) On May 9, 2017, the case was closed upon Drumgo's motion to withdraw the complaint. (*See* D.I. 18, 19.) Drumgo recently filed a combined motion to reopen the case and to amend the complaint (D.I. 23) and several motions for injunctive relief (D.I. 24.)

2. **Motion to Reopen.** The court will grant the motion to reopen. (D.I. 23.) The original complaint (D.I. 2) and its amendment (D.I. 7), together, consist of the operative pleading.

3. **Motion to Amend.** The court will deny the motion to amend. (D.I. 23.) Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b) motion, whichever is earlier. Otherwise, a party may amend its pleading only

with the opposing party's written consent or the court's leave. Rule 15 provides that courts should freely give leave to amend when justice so requires.

4. The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

5. Drumgo attempts to add a defendant and new claims for an occurrence in time-frame different than that of the operative pleading. Drumgo's remedy is to file a new complaint. Therefore, the motion to amend (D.I. 23) will be denied.

6. **Injunctive Relief.** Drumgo's filing at D.I. 24 contains three separate motions for injunctive relief. A party seeking a preliminary injunction must show: (1) a likelihood of

success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

7. In all three motions, Drumgo complains of his conditions of confinement, medical treatment, and access to the law library at the Commonwealth of Pennsylvania Department of Corrections. His complaints are not related to the operative pleading and are directed towards the PDOC and its employees, none of whom are defendants in this matter. Therefore, the court will deny the motion. (D.I. 24.)

8. **Conclusion**. For the above reasons, the court will: (1) grant Drumgo's motion to reopen (D.I. 23); (2) deny Drumgo's motion to amend (D.I. 23); and (3) deny the motions for injunctive relief (D.I. 24).

_____
UNITED STATES DISTRICT JUDGE

Nov 15, 2017
Wilmington, Delaware

3