IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DE SHAWN DRUMGO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 17-188-GMS |
| JOHN DOES, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM

The plaintiff, DeShawn Drumgo ("the plaintiff"), a former inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, now housed at Frackville State Correctional Institution in Frackville, Pennsylvania, filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis*. (D.I. 12.) On April 12, 2018, the court reviewed and screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. (D.I. 33, 34.) The plaintiff was allowed to proceed on excessive force claims against the defendants Marvel, Beale, Mitchell, and John Doe Defendants. All other claims and defendants, as well as the plaintiff "One Hundred and Fifteen Men & Witnesses" were dismissed. The plaintiff moves for reconsideration. (D.I. 35.)

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA*

1

*Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

The court has reviewed the complaint and applicable law, as well as the plaintiff's argument in his motion for reconsideration, and finds that the plaintiff has failed to demonstrate any grounds for reconsideration. Accordingly, the motion for reconsideration (D.I. 35) will be denied.

_____, 2018
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

2